# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **RODREQUIZ W. HARGETT, #K3053** § | | **PETITIONER** |
| § | | |
| **VERSUS** § | **CIVIL ACTION NO. 1:04cv93-DMR-JMR** | |
| § | | |
| **PRESTON GOFF, JR., Warden;** § | | |
| **CHRISTOPHER EPPS, MDOC** § | | |
| **Commissioner; and JIM HOOD,** § | | |
| **Attorney General** § | | **RESPONDENTS** |

## ORDER DISMISSING PETITION WITH PREJUDICE

BEFORE THE COURT is the Petition of Rodrequiz W. Hargett, #K3053, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. And the Court, having carefully reconsidered said motion, the petition, and the record before it, as well as the applicable case law, is of the opinion that the grounds sought in the petition are not well taken and the Petition should be dismissed on all grounds with prejudice.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner Rodrequiz W. Hargett, #K3053, is lawfully in the custody of Becky Fulton, Correctional Commander of the Mississippi Department of Corrections Restitution Center at Pascagoula, Mississippi, after entering a plea of guilty to transfer of a controlled substance as an habitual offender in the Circuit Court of the First Judicial District of Harrison County, Mississippi. On June 12, 2000, petitioner was sentenced to a term of ten (10) years day for day in the custody of the Mississippi Department of Corrections. *See* Exhibit A. By statute, there is no appeal from a guilty plea conviction. *See* Miss. Code Ann. § 99-35-101.

On March 1, 2001, petitioner filed a "Motion For Post-Conviction Collateral Relief" in the Circuit Court of Harrison County, Mississippi, alleging involuntary guilty plea, failure to advise

of mandatory sentence and ineffective assistance of counsel. On March 5, 2002, the lower court denied relief. *See* Exhibit B.

Thereafter, petitioner appealed the denial of post-conviction relief to the Mississippi Supreme Court, assigning as error the following:

> A. The circuit court erred in failing to advise appellant sufficiently of the mandatory sentence required by statute.
>
> B. The circuit court erred in denying appellant's Motion To Vacate Guilty Plea because it was not knowingly, voluntarily, and intelligently entered into for failure to fully and adequately advise of nature and consequences of the guilty plea.
>
> C. The circuit court erred in denying appellant's Motion To Vacate Guilty Plea where appellant has been deprived of liberty without full due process by prosecuting officers' use of perjured testimony and states failure to provide corrective judicial process.
>
> D. The circuit court erred in denying appellant's Motion To Vacate Guilty Plea because appellant was denied effective assistance of counsel for providing appellant with clearly erroneous information.

On July 29, 2003, the Mississippi Court of Appeals affirmed the denial of post-conviction relief. *See* Exhibit C, *Hargett v. State*, 864 So.2d 283 (Miss. App. 2003), *reh'g denied* October 7, 2003, *cert. denied* January 22, 2004 (Cause No. 2002-CP-00545-COA).

## II. LEGAL ANALYSIS

In reviewing Hargett's petition filed in this cause and the Answer of the Respondents, this Court agrees that the petition which has been filed should be dismissed with prejudice as the Petitioner has exhausted his state court remedies as to the issues raised in this petition and that any further return to the state courts of these issues would be futile. This Court further agrees with the Respondents contention that the facts of the claims in Ground One (involuntary guilty plea), Ground Two (ineffective assistance of counsel) and Ground Three (perjured testimony) were

reviewed by the Mississippi Court of Appeals on appeal of the denial of post-conviction relief, and the issues were denied on the merits . As a result, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[1], and because these issues were decided on the merits, habeas relief cannot be granted with respect to these grounds. 28 U.S.C. § 2254(d) and § 2254(e)(1). 28 U.S.C. § 2254(d) provides:

> (D) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The first exception, subsection (d)(1) applies to questions of law or to mixed questions of fact and law. *Morris v. Cain* , 186 F.3d 581 (5 th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Respondent submits that the claims raised in this petition are mixed questions of law and fact. Therefore, subsection (1) of § 2254(d) governs the claims and dictates that a federal court cannot grant habeas relief to the petitioner unless it determines that the state court's decision involved an unreasonable application of the law to the facts. The "unreasonable application" standard of review of a state court decision does not mean that a federal court may grant habeas relief based on its simple disagreement with the state court decision; this would amount to nothing more than a *de novo*

---

[1] The scope of review on habeas corpus is controlled by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214. The Act amended the Federal habeas corpus statutes and thus the manner in which federal courts can review claims by persons under state court convictions and sentences.

review. *See Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997). Unless there is such an unreasonable application, there exists a presumption that state court factual findings are correct. *Knox v. Johnson*, 224 F.3d 470 (5th Cir. 2000).

In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (U.S. 2000), the habeas standard previously set forth in this jurisdiction in *Drinkard v. Johnson*, 97 F.3d 751, 756 (5th Cir. 1996), was modified. In *Williams*, the United States Supreme Court concluded that §2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Id.* at 1523. A state court's decision is contrary to federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Id.* at 1523. A state court's decision involves an unreasonable application of federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies the principle to facts of the prisoner's case; this application of law to facts must be objectively unreasonable. *Id.* at 1521. Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* *See also Ramdass v. Angelone,* 530 U.S. 156, 120 S.Ct. 2113 (2000); *Chambers v. Johnson*, 218 F.3d 360 (5th Cir. 2000); *Penry v. Johnson*, 215 F.3d 504, 507-09 (5th Cir. 2000); *Hill v. Johnson*, 210 F.3d 481 (5th Cir. 2000).

Nevertheless, under § 2254(d)(2) grounds may still merit review if those facts to which the appellate courts applied the law were determined unreasonably in light of the evidence presented.

Because the state appellate courts are presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As set forth herein, Hargett has failed to meet his burden; this Court is barred from reviewing issues already decided on the merits.

In Ground One, Hargett argues that his guilty plea was not voluntarily and intelligently entered. Applying the standard of review required by the AEDPA, the respondents submit that the state court's application of the law to the facts as to this issue was clearly not unreasonable in light of the evidence; this Court agrees. Hargett challenges the voluntariness of his guilty plea by asserting that he was assured he would receive only six (6) months time with possible post-release supervision; the Respondents submit this allegation is clearly belied by the record. In his Petition To Enter Plea Of Guilty, Hargett acknowledged that the minimum sentence would be zero years and the maximum years to serve could be thirty (30) years, with a possible fine of up to $1,000, 000. *See* State Court Record, Supplemental Volume filed 7-7-03. Further, at the guilty plea hearing on May 9, 2000, Hargett was asked:

> THE COURT: The Court finds beyond a reasonable doubt that the defendant has at least two prior felony convictions emanating from separate sets of indictments, separate sets of facts, to which he received a term of incarceration in the custody of the state of one year or greater, thus subjecting himself to sentencing pursuant to the habitual offender statute.
>
> Mr. Hargett, do you understand that the Court can sentence you to a maximum of thirty years day for day and impose a fine up to one million dollars on this charge?
>
> DEFENDANT HARGETT: Yes, sir.

5

State Court Record, Supplemental Volume filed 2-18-03, p. 6.

When reviewing a petition for habeas corpus relief that raises the voluntariness of a guilty plea, a federal court must determine whether the "guilty plea . . . was voluntarily entered by a defendant who understood the nature of the charges and the consequences of the plea . . . ." *Micheaux v. Collins*, 911 F.2d 1083, 1095 (5th Cir. 1990) quoting *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). In *Boykin v. Alabama*, 395 U.S. 238, 242 (1969), the Supreme Court held that a guilty plea to a criminal charge is "more than admission of conduct; it is a conviction." Pursuant to the new standard of review under the AEDPA, federal habeas courts are no longer authorized to exercise *de novo* review over the ultimate issue of voluntariness -- a mixed question of law and fact. *See Micheaux v. Collins,* 911 F.2d at 1087 (voluntariness of a guilty plea presents a mixed question of law and fact). Instead, federal courts are obligated to respect the judgment of the state court, provided it does not constitute an "unreasonable application" of clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1).

The lower court found that Hargett knowingly, freely and voluntarily entered a plea of guilty and that there was sufficient factual basis to support the plea. The Mississippi Court of Appeals carefully examined Hargett's claim on the voluntariness of the guilty plea – particularly on the minimum/maximum sentence he could receive. The court determined as follows:

> Hargett signed a sworn statement which acknowledged that he was pleading guilty as a habitual offender and that acknowledged the maximum and minimum sentences as well as the maximum and minimum fine he could receive. Hargett's claims in his motion for post-conviction relief were unsupported by affidavits or any other evidence, and they contradict his sworn statements given before the court in his guilty plea. 'Great weight is given to statements made

> under oath and in open court during sentencing.' *Gable v. State*, 748 So.2d 703, 706 (¶ 11) (Miss. 1999) . . . .

*Hargett v. State*, 864 So.2d at 284. The court then concluded that the voluntariness of the guilty plea issue was without merit.

There is ample evidence in the transcript that at the time of the plea hearing Hargett fully understood that he could receive up to thirty (30) years imprisonment as an habitual offender and that his guilty plea was knowingly, intelligently, and voluntarily entered; the Mississippi Court of Appeals's resolution of the issue was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

On appeal of the denial of post-conviction relief, the appellate court denied Hargett's allegations of ineffective assistance of counsel (Ground Two) pursuant to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See* Exhibit B. To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test set out in *Strickland* by demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result of such ineffective assistance. *See also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986).

In Ground Two, Hargett asserts that he was denied effective assistance of counsel because his defense attorney "presented to petitioner untrue information on facts of his plea." Petition, p.

5. Again, the record clearly demonstrates that Hargett was well aware of all the facts concerning his prior convictions as well as the facts of the instant crime for which he voluntarily and intelligently entered a plea of guilty. Hargett fails to provide this Court with any credible and competent evidence that he was misinformed concerning the consequences of entering a plea of guilty as an habitual offender (he received a ten-year sentence when he could have gotten a full thirty-year sentence). Such a bare, conclusory allegation, unsupported by other indicia of reliability, is insufficient to entitle petitioner habeas relief. *See United States v. Woods,* 870 F.2d 285, 288 (5th Cir. 1989); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th cir. 1983). "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998). *See also Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

Hargett also complains that his defense attorney failed to locate witnesses which could provide exculpatory evidence. This Court agrees with the Respondents that this allegation would more likely be applicable to a conviction by a jury rather than by a guilty plea. Hargett readily admitted his guilt to the crime of transfer of a controlled substance. Furthermore, a petitioner "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Hargett has failed to allege how such investigation would have altered the outcome of his trial. The Mississippi Court of Appeals determined that "Hargett provided no affidavits or proposed testimony in support of his argument, alleging that his witnesses could not be located or were in prison." *Hargett v. State*, 864 So.2d at 285. The court determined that Hargett failed to comply with the standard imposed by *Strickland*

*v. Washington, supra*. "Hargett is required to show that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes. *Strickland*, 466 U.S. at 686-87, 104 S.Ct. 2052. Having failed to do so, this issue is without merit. Therefore, the Mississippi Court of Appeal's resolution of the issue was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

As set forth herein, *supra*, the allegations of ineffective assistance of counsel failed to meet the deficiency prong of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674 (1984). Even assuming *arguendo* that Hargett had met the first prong of *Strickland*, he has not proven the prejudice prong, which he must do in order to prevail. To prove prejudice,[2] the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685, (5th Cir.), *cert. denied,* 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). To meet the prejudice prong, the petitioner must affirmatively prove, and not merely allege, prejudice. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986). Hargett has not shown "but for" counsel's alleged error the proceedings would have been different. Accordingly, respondent

---

[2] The Supreme Court revisited the prejudice prong of the standard, explaining that the proper analysis focused not simply on outcome determination but whether the result of the proceeding was rendered fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180, 189 (1993). *See also Mayabb v. Johnson, supra; Armstead v. Scott*, 37 F.3d 202, 206-07 (5th Cir. 1994). This holding narrowed somewhat the scope of ineffective assistance of counsel doctrine, and it further limited the availability of federal habeas relief. *Armstead*, 37 F.3d at 207; *U.S. v. Suarez*, 846 F.Supp. 892, 895 (D.C. Guam 1994); *see also Goodwin v. Johnson*, 132 F.3d 162, 176 (5th Cir. 1997).

submits there was no lapse in professional performance to meet either the deficiency prong or the prejudice prong of *Strickland*. The state appellate court's decision was correct in finding no merit to Hargett's claim of ineffective assistance of counsel.

In Ground Three, Hargett complains of perjured testimony; however, the Respondents submit in addressing this ground that they are unclear as to exactly what "testimony" Hargett references. Again, such a bare, conclusory allegation, unsupported by other indicia of reliability, is insufficient to entitle petitioner habeas relief. *See United States v. Woods,* 870 F.2d at 288; *Ross v. Estelle*, 694 F.2d at 1012. However, even giving a liberal interpretation to the state-court material attached to the petition, the Respondents submit that Hargett is seemingly claiming an alibi[3] for the time of the instant crime, yet asserting that the "testimony" he, himself, gave at the guilty plea hearing was perjured. The factual basis in support of Hargett's guilty plea is as follows:

> THE COURT: Mr. Hargett, why don't you tell me what happened on or about October 30, 1998, in Cause No. 99-634.
>
> DEFENDANT HARGETT: At that time, Your Honor, I was - - I had a crack cocaine habit. There was a gentleman on the corner that I knew. He offered to give me a substantial amount for myself if I took the amount that's in the affidavit to the car that was sitting in my alley. I took it from him, I gave it to her, I took him back the money.
>
> THE COURT: And where did that occur?
>
> DEFENDANT HARGETT: That happened on 20th and Pratt.

---

[3] Hargett claims he was at the Signature Lake Apartments with Barbara Calcote on October 30, 1998.

> THE COURT: And who was the gentleman you were running the drugs for?
>
> DEFENDANT HARGETT: I know him by a nickname. I know his last name is Price. The first name they call him Dino Price.
>
> MR. STEWART [Assistant District Attorney]: He's already pled and been sentenced previously.
>
> THE COURT: Need anything else on the facts, Mr. Stewart?
>
> MR. STEWART: No, Your Honor. He was right on the money, where it was, how it happened, and the whole bit.

State Court Record, Supplemental Volume dated 2-18-03, pp. 9-10. The perjured testimony issue was raised on appeal and the appellate court considered it in conjunction with the ineffective assistance of counsel issue and found no merit.

Hargett has presented no credible or competent evidence in this habeas proceeding to overcome the deference afforded to the state appellate court's decision. Hargett has failed to prove that the state court decision was contrary to or an unreasonable application of law to the facts. *See Williams v. Taylor, supra.* Therefore, Hargett is not entitled to relief based on his claims in Ground One, Ground Two or Ground Three of the instant petition.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that upon review of the relief sought in the Petition of Rodrequiz W. Hargett, #K3053, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, that said petition be and is hereby **DENIED** and the instant Petition is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that pending motions, if any, of the Petitioner be and are hereby **DENIED as MOOT** as such relief would be deemed futile in light of the Court's findings in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED AND ADJUDGED** that as all the rights and liabilities as to all the parties have been resolved that a Final Judgment be entered in this cause.

**SO ORDERED AND ADJUDGED** this the ____8th____ day of January, 2007.


         **/S/   DAN M. RUSSELL, JR.**
         **UNITED STATES DISTRICT JUDGE**